33 F.3d 58
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfred DOVBISH, Plaintiff-Appellant,
v.
MARYLAND CASUALTY CO., a corporation; American General
Lloyds, a corporation, Defendants-Appellees.
 No. 92-16936.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 13, 1994.
Decided Aug. 19, 1994.
 
 Before: SCHROEDER, D.W. NELSON, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In this diversity action, Alfred Dovbish, a former director of United Management Corporation ("UMC"), seeks a declaration that the corporation's insurers have a duty to defend and indemnify him for claims brought against him in the name of the corporation in an underlying lawsuit which the parties have termed "UMC II." The district court granted summary judgment to the insurers on the ground that Dovbish was not a "Person Insured," as the term is used in the applicable policies, at the time of his alleged wrongdoing. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm the district court's grant of summary judgment.
 
 DISCUSSION
 
 3
 The UMC II suit alleges that Dovbish engaged in trade libel and intentional interference with economic advantage against the corporation subsequent to his removal as a director on July 13, 1987. The harms alleged in the UMC II complaint are said to have resulted primarily from a letter Dovbish sent to the limited partners on August 26, 1987, and from statements he allegedly made at partnership meetings on December 8, 1987. Dovbish claims that he was wrongfully dismissed as a director, and contends that, at some future date, he may obtain a declaration that his removal was wrongful and an order that his status as a director be reinstated retroactive to July 13, 1987. On this basis, he claims that it is probable that he will be covered under UMC's corporate liability policies for the claims pending against him in UMC II.
 
 
 4
 Because Dovbish has not yet obtained a court order establishing his right to retroactive reinstatement as a UMC director, his claim is entirely speculative at this point, and we have serious doubts whether such a tenuous claim to coverage, even if otherwise well-founded, would trigger a duty to defend under California law. See Giddings v. Industrial Indemnity Co., 112 Cal.App.3d 213, 220, 169 Cal.Rptr. 278 (1980) (holding that where "assertions of potential liability under [insurance] policies rest entirely on speculation and conjecture," there is no duty to defend). We do not need to reach this issue to resolve the present dispute, however, because we conclude that, even assuming that Dovbish was a director of UMC at all relevant times, the policies in question do not provide coverage for the claims pending against him in UMC II.[1]
 
 
 5
 Each of the applicable policies at issue in this dispute contains the following language:
 
 
 6
 The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of personal injury or advertising injury to which this insurance applies, sustained by any person or organization and arising out of the conduct of the named insured's business, within the policy territory ...
 
 
 7
 Dovbish claims that the claims against him in the pending UMC II suit are covered under the "advertising injury" and "personal injury" provisions of UMC's insurance policies, and notes that the definition of personal injury in the policies expressly includes injury arising out of "A publication or utterance ... of a libel or slander or other defamatory or disparaging material." The definition of "Persons Insured" in the policies extends coverage not only to "the organization ... designated [in the Declarations]" but also to "any executive officer, member of the board of trustees, directors or governors or stockholder thereof while acting within the scope of his duties as such." Dovbish therefore claims that, so long as his status as a UMC director is recognized, he is covered by the policies for the claims brought against him by the corporation. We disagree.
 
 
 8
 As an initial matter, we note that the policies in question are not officers' and directors' policies, which expressly exclude coverage for the corporation and provide coverage for acts of officers and directors that harm the corporation. On the contrary, the policies in question are corporate liability policies, and, as such, are expressly limited to indemnifying the corporation, as named insured, for "all sums which the insured [i.e., corporate entity or named agent thereof] shall become legally obligated to pay as damages because of ... injury ... sustained by any person or organization and arising out of the conduct of the named insured's business." Nothing in the policy language suggests that coverage under the policies extends to corporate directors who become liable to the corporation; coverage is triggered only where the corporation "becomes legally obligated to pay." Under Dovbish's interpretation, the corporation's coverage would extend beyond indemnification for injuries sustained by third party "person[s] or organization[s]," and would include coverage for injuries sustained by the corporation itself on account of the conduct of its agents. As the insurers correctly emphasize in their brief, "there is no conceivable argument or possibility that UMC could be found liable to itself and could collect damages against itself."[2]
 
 
 9
 In addition to the plain meaning of the policy language, the relevant case law establishes that Dovbish's claim to coverage cannot succeed. In Milazo v. Gulf Ins. Co., 224 Cal.App.3d 1528, 274 Cal.Rptr. 632 (1990), a California appeals court considered an analogous claim in the partnership context. In dismissing a partner's claim to coverage where the claims against him in the underlying suit concerned misappropriation of a partnership opportunity, the court concluded that because "[t]here can be no partnership liability for such misconduct ... the breaching partner would have liability only as an individual." Although Dovbish correctly notes that partnership and corporate liability law differ, the principle articulated in Milazo applies with undiminished force in the present context. Because UMC could not be held liable for the harms to the corporation resulting from Dovbish's alleged wrongdoing, there is no possibility of coverage under the policy. See also Zavota v. Ocean Accident & Guar. Corp., 408 F.2d 940, 943 (1st Cir.1969) (construing policy language nearly identical to that at issue here as precluding coverage where the corporate officer's conduct "would not impose liability on the corporation").
 
 CONCLUSION
 
 10
 In sum, because Dovbish's alleged misconduct would be covered under UMC's corporate liability policies only to the extent that a party other than the corporation was injured by Dovbish's acts, and because the UMC II suit alleged injury only to the corporation and its directors, we conclude that Dovbish's claim to coverage must fail. We are aware of the great financial hardship that can result when investments turn sour and business partners have a falling out, but the claims pending against Dovbish in "UMC II" simply are not covered under UMC's policies. Nothing in this disposition is intended to express any view on the merits of the underlying litigation or on whether Dovbish would be entitled to an award of attorneys' fees should he prevail in the underlying litigation.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although he does not argue the point at any length, Dovbish also asserts that the UMC II complaint seeks recovery from him not only for his post-removal acts, but also for certain acts taken prior to his removal at the July 13 meeting. On this basis, Dovbish appears to contend that summary judgment is inappropriate regardless of the merits of his claim that he was wrongfully removed as director at the July 13 meeting. Although the UMC II complaint against Dovbish describes alleged improprieties occurring prior to his removal, it seems clear that the reference to the pre-removal improprieties is included solely in order to set the stage for the libel and economic interference claims. In any case, because we conclude that there would be no coverage under the policies even if Dovbish was a UMC director at the time of the alleged wrongdoing, we do not reach the merits of Dovbish's additional assertion
 
 
 [2]
 Dovbish claims that the insurers waived their right to make such an argument when, in their letter to his attorney denying coverage, they relied exclusively on the theory that Dovbish was not a "Person Insured" because he already had been removed as a director at the time of his allegedly wrongful acts. Dovbish's claim is without merit. As the district court properly noted, under California law, waiver and estoppel cannot be used to create coverage where it did not originally exist. See Insurance Co. of the West v. Haralambos Beverage Co., 195 Cal.App.3d 1308, 1319, 241 Cal.Rptr. 427 (1987). The exception, that the rule does not apply where the insurer conducts the defense with knowledge of the ground for noncoverage and without giving notice of its reservation of rights, see id., clearly does not apply on these facts. Accordingly, we reject Dovbish's waiver and estoppel arguments